IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| SOLUTIONSTREAM, LLC, <br><br> Plaintiff, <br> v. <br><br> CROPPER MEDICAL, INC. dba 3D FOOTPRINTS, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [10] MOTION IN LIMINE RE DAMAGES CALCULATION** <br><br> Case No. 2:17-cv-00605-DN <br><br> District Judge David Nuffer |
|---|---|

Defendant Cropper Medical, Inc. dba 3D FootPrints ("Cropper Medical") has filed a motion in limine (the "Motion in Limine")[1] seeking to cap plaintiff SolutionStream, LLC's ("SolutionStream") contract damages at $14,311.[2] Cropper Medical offered by letter to pay this amount to SolutionStream in exchange for SolutionStream acknowledging satisfaction of Cropper Medical's obligation and dismissing this case. Cropper Medical argues in the Motion in Limine that, under Utah's tender rule,[3] SolutionStream is precluded from objecting to $14,311 as the amount of the debt because SolutionStream rejected Cropper Medical's offer without reasoning or a counterproposal. SolutionStream opposes the Motion in Limine, arguing that Cropper Medical made only a settlement offer, which does not constitute a tender.[4] Because the tender rule does not apply, the Motion in Limine[5] is denied.

---

[1] Motion in Limine Re Contract Damages, docket no. 10, filed January 24, 2018.

[2] *Id.* at 2.

[3] Utah Code § 78B-5-802.

[4] Plaintiff's Memorandum Opposing Defendant's Motion in Limine Re Damages ("Opposition"), docket no. 15, filed February 7, 2018.

[5] Docket no. 10.

## DISCUSSION

Under Utah law, which applies in this case,[6] if someone turns away a payment of an obligation, or "tender," without explanation for why the payment is insufficient, the recipient loses the payment as well as the right to object to the amount of the payment. This tender rule is codified in Utah Code § 78B-5-802. Utah courts have explained that tender of payment on a contract is only valid if it is "(1) timely, (2) made to the person entitled to payment, (3) unconditional, (4) an offer to pay the amount of money due, and (5) coupled with an actual production of the money or its equivalent."[7] SolutionStream argues that Cropper Medical cannot satisfy the first, third, or fourth elements of the test because Cropper Medical's offer was untimely, conditional, and for less than the amount owed.[8]

The letter from Cropper Medical to SolutionStream dated January 8, 2018 (the "January Letter") was not a tender, even though it is labeled as a "tender of payment."[9] Although the timeliness of Cropper Medical's offer cannot be resolved on the briefing,[10] the January Letter otherwise falls short of a tender. The January Letter, which was sent during ongoing litigation about Cropper Medical's payment obligation to SolutionStream, expressly declines to acknowledge any debt. Instead, Cropper Medical offers to pay a portion of the full obligation SolutionStream claimed in its invoices based on Cropper Medical's contested reasons for a

---

[6] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1170 (10th Cir. 2010) ("In a diversity action, we apply the substantive law of the forum state. . . .").

[7] *Brady v. Park*, 302 P.3d 1220, 1230 (Utah Ct. App. 2013).

[8] Opposition at 5–8.

[9] January 8, 2018 Letter, Exhibit D to Motion in Limine ("January Letter"), docket no. 10-4, filed January 24, 2018.

[10] The parties contest as a matter of fact and law whether Cropper Medical's offer was timely coming months after the invoice due dates but before the project at issue was completed. The timeliness issue does not need to be resolved to deny the Motion in Limine on other grounds.

reduction.[11] Based on the January Letter, *if* SolutionStream will accept the reduced payment and dismiss its lawsuit, *then* Cropper Medical will make the payment.[12] The January Letter therefore was neither unconditional nor for "the amount of money due."[13] Although not raised in the briefing, the January Letter gives no indication that payment or its equivalent was included with the letter,[14] which is also required for a tender on a contract.[15]

The January Letter does not provide a basis for capping SolutionStream's damages on the Motion in Limine. Cropper Medical's liability, and the amount of SolutionStream's damages, if any, remain in dispute.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion in Limine[16] is DENIED.

Dated May 8, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[11] January Letter.

[12] January Letter.

[13] *Brady*, 302 P.3d at 1230.

[14] *Zion's Props., Inc. v. Holt*, 538 P.2d 1319, 1322 (Utah 1975) ("A tender requires that there be a bona fide, unconditional, offer of payment of the amount of money due, coupled with an actual production of the money or its equivalent.").

[15] *Brady*, 302 P.3d at 1230.

[16] Docket no. 10.